**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANGEL JOSUE SIGUAN LOPEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-2622 (MCA)**<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on a Petitioner's motion for attorney's fees ("Motion") under the Equal Access to Justice Act ("EAJA"). (ECF No. 11.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, Petitioner's Motion is denied.

Petitioner, a citizen of Guatemala, alleges that he and his father entered the United States without inspection in 2021; because Petitioner was a minor, he was transferred to the custody of the Office of Refuge and Resettlement ("ORR") and was released to his father on August 8, 2021.[1] (ECF No. 1, Petition at ¶¶ 22, 31; ECF No. 1-2.) According to the Petition, the United States Citizenship and Immigration Services ("USCIS") approved his application for Special Immigrant Juvenile Status with deferred action in 2024. (*Id.* at ¶ 23). Removal proceedings against Petitioner in immigration court were terminated without prejudice on January 3, 2025, pursuant to *Matter of Coronado Acevedo*, 28 I&N Dec. 648 (A.G. 2022). (ECF No. 1-3.)

[1] The ORR paperwork provided by Petitioner states that he was "discharged" due to reunification with his father and is in removal proceedings. (ECF No. 1-2.)

On March 6, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody. (Petition at ¶ 3). He was taken to Delaney Hall in Newark, New Jersey, and was not afforded a bond hearing. (*Id.* at ¶ 5). On March 13, 2026, Petitioner filed a counseled habeas petition challenging his mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 1, Petition at ¶¶ 6-10.)

On March 30, 2026, this Court concluded that Petitioner was unlawfully detained under § 1225(b)(2), declined to correct that unlawful detention by ordering a bond hearing, and ordered his release instead. (ECF No. 7.) In granting relief, the Court relied on the facts alleged in the Petition and district court decisions, *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) and *Vasquez Lucero v. Soto*, et al, No. 25-16737-MCA, 2025 WL 3240895, at *1-2 (D.N.J. Nov. 20, 2025), but provided Respondents with the opportunity to show that Petitioner's case was factually or legally distinguishable. (*See id.*) Respondents declined to file an answer, and Petitioner was released in compliance with the Court's Text Order. (*See* ECF No. 9.) He now seeks attorneys' fees under the EAJA. (ECF No. 11.) Respondents oppose the Motion. (ECF No. 12.)

The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.' " *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)). In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. § 2241 are civil actions." *Id.* at 425. This Court granted Petitioner's habeas petition; therefore, Petitioner is a prevailing party in a civil action against the United States.

Respondents bear the burden of proving their position was justified. *Id.* at 433. Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)). And "in immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005). Significantly, however, courts may "not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433.

There is no dispute that Respondents detained Petitioner under their broad interpretation of § 1225(b)(2)(A), which deems all noncitizens who entered without inspection and are later arrested in the interior of the United States as "applicants for admission" who are subject to mandatory detention without the opportunity for bond. As the basis for detaining Petitioner without bond and maintaining that litigation position, Respondents argue that the Board of Immigration Appeals ("BIA")—the highest administrative appellate body in the United States for interpreting and applying immigration laws—issued a decision adopting this application of § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). And while the majority of courts of appeals, including the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th

287(3d Cir. 2026), have disagreed with Respondents' interpretation of § 1225(b)(2)(A),[2] two courts of appeals have ruled in favor of Respondents. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

In response, Petitioner argues that "the law was settled within this district that § 1225(b)(2) does not permit the mandatory detention of a noncitizen apprehended inside the country" and that "Respondents chose to flout the authority of the district court and detained Petitioner anyway." In Petitioner's view, "ICE's reliance on a statutory theory that has been unanimously rejected in this district is not 'substantially justified.'" (ECF No. 13 at 1.)

The Court disagrees. And despite their unanimous disagreement with Respondents' legal theory, the majority of courts in this District have concluded that Respondents' pre-litigation detention of noncitizens without bond § 1225(b)(2) was substantially justified for purposes of the EAJA. *See, e.g.*, *Villacis v. Bondi*, 2026 WL 2145602, at *2 (D.N.J. Jul. 24, 2026) (finding that "Respondents' litigation position was substantially justified during the pendency of this matter"); *Sheraliev v. Warden*, 2026 WL 2415775, at *1 (D.N.J. Aug 19, 2026) ("conclud[ing] that Respondents' pre-litigation conduct of holding Petitioner without bond was substantially justified for purposes of the EAJA"); *Contreras Maldonado v. Cabezas*, 2026 WL 2921293, at *3 (D.N.J. Sept. 29, 2026) (finding that "although this Court rejected Respondents' statutory interpretation as applied to Petitioner, the Court cannot conclude that the interpretation was so lacking in legal

[2] The circuit court decisions rejecting Respondents' legal position all postdate Petitioner's detention. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 84 (2d Cir. 2026) (April 28); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026) (May 6); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026) (May 11); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250–51 (10th Cir. 2026) (June 30); Cirrus Rojas v. Olson, 183 F.4th 909 (7th Cir. 2026) (Jul. 30); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026) (Jul. 30). On October 1, 2026, the Supreme Court granted certiorari to resolve the circuit split. *See Rhoney v. Barbosa da Cunha*, 2026 WL 2942994 (U.S. Oct. 01, 2026).

support that no reasonable person could have advanced it"); *Takury Berlanga v. Warden*, 2026 WL 3537176, at *5 (D.N.J., Nov. 17, 2026) (conclud[ing] that Respondents have shown that their position, in detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A) and in the ensuing litigation, was substantially justified").

The Court likewise finds that Respondents' detention of Petitioner based on its statutory interpretation of § 1225(b)(2)(A), though incorrect, was nevertheless substantially justified for purposes of the EAJA. The Third Circuit did not issue its decision in *Buele Morocho* until August 28, 2026, months after Petitioner was released, and that decision now constitutes binding precedent in this circuit. At the time Petitioner was detained in March 2026, Respondents followed a precedential BIA decision, and that position had been accepted by the Fifth and Eighth Circuits. "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19-cv-5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following administrative precedent). Because the Court concludes that Respondents' pre-litigation detention of Petitioner without bond was substantially justified for purposes of the EAJA, the Court denies the Motion and does not decide whether any special circumstances would make an award unjust, or whether the fees requested are reasonable.

**IT IS, THERFORE**, on this 24th day of November 2026,

**ORDERED** that the Motion for attorney's fees under the Equal Access to Justice Act (ECF No. 11) is **DENIED**.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**